UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

DENNIS TOOLEY,  )
an individual, )
 )
       Plaintiff, )
vs. )
 )
FIRST MERCHANTS BANK, )
an Indiana Financial Institution, )
 )
       Defendant. )
_____ )

CASE NO.: 1:23-cv-2235

**COMPLAINT**

    Plaintiff, DENNIS TOOLEY, through his undersigned counsel, hereby files this Complaint and sues FIRST MERCHANTS BANK, an Indiana Financial Institution, for injunctive relief, attorneys' fees and costs pursuant to 42 U.S.C. § 12181 et seq., ("AMERICANS WITH DISABILITIES ACT" or "ADA") and alleges:

**JURISDICTION AND PARTIES**

    1.    This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq., (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

    2.    Venue is proper in this Court pursuant to 28 U.S.C. §1391(b).

    3.    Plaintiff, DENNIS TOOLEY (hereinafter referred to as "MR. TOOLEY"), is a resident of the State of Indiana in Johnson County.

4. Plaintiff, MR. TOOLEY, is a qualified individual with a disability under the ADA. MR. TOOLEY suffers from Multiple Sclerosis, which causes severe nerve damage and affects his ability to walk and stand.

5. Due to his disability, Plaintiff is substantially impaired in several major life activities and requires the use of mobility aids including a wheelchair, walker or a cane depending on his level of pain and fatigue on a daily basis.[1]

6. Defendant, FIRST MERCHANTS BANK, (hereinafter referred to as "Defendant"), is an Indiana Financial Institution registered to do business in the State of Indiana. Upon information and belief, Defendant is the owner, lessee, and/or operator of the real property and improvements, which is the subjects of this action, to wit: the "Property", First Merchants Bank, generally located at 2259 N. Morton St., Franklin, IN 46131. As a bank, Defendant is responsible for complying with the obligations of the ADA.

7. All events giving rise to this lawsuit occurred in the Southern District of Indiana.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

8. Plaintiff realleges and reavers the preceding paragraphs as if they were expressly restated herein.

9. The Property, First Merchants Bank, is open to the public and provides goods and services to the public.

10. Plaintiff MR. TOOLEY has visited the Property numerous times over the past two (2) years and attempted to obtain information about the banking services offered at the branch. Defendant's Property is located just 5 miles (or a 10 minute drive) from Plaintiff's residence. MR.

---

[1] Mr. Tooley is capable of walking short distances without assistance on good days.

TOOLEY'S last visit to the Property was earlier this month and he plans to return to the Property in the near future to inquire about the banking services offered there.

11.     While at the Property, MR. TOOLEY experienced serious difficulty accessing the goods and utilizing the services due to the architectural barriers discussed herein.

12.     MR. TOOLEY continues to desire to visit the Property for its banking services and its convenient location, but fears that he will again encounter serious difficulty and safety hazards due to the barriers discussed herein which still exist. Furthermore, but for the barriers to access described herein, Plaintiff would visit the Property more often.

13.     Defendant is in violation of 42 U.S.C. § 12181 et seq. and 28 C.F.R. § 36.304 et seq. and is discriminating against the Plaintiff due to, but not limited to, its failure to provide and/or correct, the architectural barriers to access below, which were personally encountered by and hindered Plaintiff's access to the Property:

       A.     Plaintiff encountered that the two (2) ADA parking spaces near the entrance of the Property are inaccessible due to a large built-up curb ramp which protrudes into the spaces. This ramp causes slopes well in excess of 1:48 within the spaces and their shared access aisle. These conditions made it difficult and dangerous for Plaintiff to park in and safely utilize the parking lot during his visits.

       B.     Plaintiff encountered that the two (2) ADA parking spaces near the entrance of the Property are not inaccessible due to improper signage mounted too low where the signs could be obscured by parked vehicles. This issue could

        make it difficult for Plaintiff or other customers to recognize and use the disabled use parking spaces.

    C.    Plaintiff encountered that the curb ramp at the entrance (same ramp as noted above) has steep running slopes and steep side flares which made it difficult and dangerous for Plaintiff to maneuver throughout the Property using his wheelchair. Additionally, as noted above, the ramp improperly protrudes into the disabled use parking spaces and their shared access aisle.

    D.    Plaintiff encountered that the height of the customer service counters inside the bank are too high for him to properly transact business from a seated position in a wheelchair.

14.    Plaintiff has visited the public premises described herein and encountered numerous barriers throughout. These barriers greatly reduced the Plaintiff's ability to access the goods and services available at the Property and made his visits difficult and dangerous.

15.    Independent of his intent to return as a patron to the Property for its banking services and convenient location, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access stated herein have been remedied.

16.    Removal of the barriers to access located on the Property is readily achievable, reasonably feasible and easily accomplishable without placing an undue burden on Defendant.

17.    Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

18. The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorneys' fees, costs, and expenses paid by Defendant.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff demands judgment against Defendant, and requests the following injunctive and declaratory relief:

A. That the Court declares that the Property owned, leased and/or operated by Defendant is in violation of the ADA;

B. That the Court enter an Order directing Defendant to alter its facility to make it accessible and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C. That the Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendant to undertake and complete corrective procedures.

D. That the Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to the Plaintiff; and

E. That the Court award such other and further relief as it deems necessary, just and proper.

Dated: December 13, 2023

                                          Respectfully Submitted,

                                  By:   *Louis I. Mussman*          .
                                        Louis I. Mussman, Esq.

Bar No. 597155
Ku & Mussman, P.A.
18501 Pines Blvd, Suite 209-A
Pembroke Pines, FL 33029
Tel: (305) 891-1322
Fax: (954) 686-3976
Louis@KuMussman.com

and

Eric C. Bohnet, Esq.
Attorney No. 24761-84
Attorney at Law
6617 Southern Cross Drive
Indianapolis, Indiana 46237
Tel: (317) 750-8503
ebohnet@gmail.com